# Caldwell v. Volpe.

In order to sustain a judgment by default before a Justice of the Peace, is must appear from the record of the Justice that evidence was heard on the part of the plaintiff.

A Justice of the Peace cannot enter a judgment note on his docket.

In a Borough divided into wards a writ of summons must set out the location of the office of the Justice.

Writs of summons issued by a Justice of the Peace are to be served in the same manner as similar writs directed to the Sheriff.

EVIDENCE—JUDGMENT—SUMMONS—BOROUGHS.

See Act of 9th of July, 1901, P. L. 614.

Argued March 3rd, 1902.

Certiorari on the part of the defendant to No. 169, Dec. Term, 1901, from the Court of Common Pleas of Clearfield County to J. C. Bloom, Esq., Justice of the Peace of the second ward of Curwensville Borough to remove the proceedings before the said Justice in the case of H. L. Caldwell vs. M. Volpe. Roland D. Swoope (with him W. F. Patton) for appellant.

This was a summons in assumpsit issued by a Justice of the Peace and it appeared from the record that judgment was entered against the defendant by default and that no witnesses were sworn and no evidence heard by the Justice, and that the Justice on the day of hearing proceeded to enter a judgment exemption note on his Docket against the defendant and issued execution thereon.

The other facts appear from the exceptions filed to the proceedings of the Justice:

The following exceptions were filed to the proceedings of the Justice:—

· Exceptions to Proceedings of Justice.

NOW, Oct. 18th, 1901, Defendant by his Attorneys, Swoope & Patton, file the following exceptions to the proceedings of the Justice in the above entitled case:

First:—The judgment is by default, and it does not appear from the record of the Justice that any witnesses were sworn or any evidence heard on the part of the plaintiff.

Caldwell v. Volpe.

Second:—The record of the Justice shows that he attempted to enter a judgment note on his Docket against the Defendant.

Third:—The record shows that there was no legal judgment upon which any execution could issue against the defendant.

Fourth:—The record of the Justice does not show that the Judgment Note which he entered upon his Docket .was signed by the Defendant.

Fifth:—The record of the Justice shows that there was no legal service of the writ of summons on the Defendant.

Sixth:—The summons attached and returned with the proceedings of the Justice shows that it was issued to the Constable of the First Ward of the Borough of Curwensville, Pa., commanding the said Constable to summon one Michael Volpe "to be and appear on the 12th day of October, 1901, at two o'clock p. m. before the subscriber, one of our Justices of the Peace in and for said county at his office in the Borough of Curwensville, Pa., to answer H. L. Caldwell arising from judgment exemption note in a plea of assumpsit arising from contract either express or implied not exceeding $300.00."

Said writ of summons fails to set out the location of the office of the said Justice of the Peace, although it is shown upon the face of the summons, and also by the records of this Court, that the borough of Curwensville is divided into wards, and the Defendant's Counsel offers to prove by competent evidence that the office of the said Justice, who issued the said summons, is in the Second ward of the said Borough of Curwensville.

Seventh:—The Act of Assembly approved the 9th of July, A. D. 1901, P. L. 614, provided a new method of serving writs among other ways as follows:

"(b) By handing a true and attested copy thereof to an adult member of his family at his dwelling house, or

(c) By handing a true and attested copy thereof at his place of residence to an adult member of the family with whom he resides."

Caldwell v. Volpe.

By the 16th Section of this Act, "Writs issued by any Magistrate, Justice of the Peace or Alderman shall be served in the county wherein they are issued by the Constable or other officer therein, to whom given for service in the same manner and with like effect as similar writs are served by the Sheriff when directed to him by the proper Court."

The return of service on the writ as shown by the record of the Justice is not in accordance with the provisions of this Act.

Eighth:—The return of the service on the back of the summons and the return of service as shown by the record of the Justice are not the same; the Justice has added on his record to the return, the words, "and making known the contents thereof."

Ninth:—The record and the return on the summons both fail to state who the adult member of the family was with whom the Constable left the attested copy of the writ of summons.

Tenth:—The writ of execution as returned by the Justice shows that it was issued on the 12th day of October, 1901, returnable on the 18th day of October, 1901, so that only a period of six days intervened between the date and the return of the said writ of execution.

Eleventh:—For other reasons of law and of fact as shown by the said Record, and other papers returned with the said writ of certiorari.

The case was argued March 3, 1902, and the Court made the following order:—

3rd of March, 1902, Exceptions sustained and proceedings of Justice reversed by the Court.       CYRUS GORDON, P. J.

Reported by Roland D. Swoope, Esq.,

Clearfield, Pa.